FILED
SUPERIOR COURT
OF GUAM

2021 APR 23 AM 11: 17

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Case No. CF0214-18 |
| vs. | |
| PETER LAWRENCE STANLEY, DOB: 10/31/1978 | **DECISION AND ORDER** (People's Motion to Revoke Probation) |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on March 9, 2021. Assistant Attorney General Katherine Nepton represented the People of Guam ("the People"). Assistant Public Defender William Jones represented Defendant Peter Lawrence Stanley ("Defendant"). Having considered the arguments and the applicable law, the Court hereby **GRANTS** the People's Motion to Revoke Probation.

## BACKGROUND

On January 30, 2019, Defendant came before the Court and entered a plea of guilty to the crime of Assault (As a Misdemeanor). Under the plea agreement, the Defendant was to serve one-year incarceration, all suspended, and with credit for time served. The plea agreement also contemplated that the Defendant pay a fine of two hundred dollars ($200.00); plus court costs of eighty dollars ($80); pay restitution; perform one-hundred (100) hours of community service; complete two years of probation; report to Client Services and Family Counseling Division ("Client Services") for intake, assessment and treatment if any; and obey

all local and federal laws, among other conditions. The Defendant's probationary term was set to expire on January 29, 2021.

On May 7, 2019, a First Violation Report was filed indicating that the Defendant failed to comply with the recommended treatment from Client Services, ceased to attend his scheduled individual counseling program sessions, and was terminated from group. The Defendant additionally failed to make any payments toward his fine or court costs, and failed to perform any of the 100 hours of community service. On June 20, 2019, the Court sanctioned the Defendant to 30 hours community service to be performed within 60 days.

On December 19, 2019, a Second Violation Report was filed indicating that the Defendant continued to be inconsistent with his attendance at group sessions, failed to make any payments toward the $80 court costs, failed to perform community service, and failed to pay the MRT DV Group tuition fee. The Defendant failed to appear at a hearing on February 13, 2020 and a warrant was issued against him that same day.

On September 14, 2020, Adult Probation filed a Third Violation Report indicating that the Defendant failed to report monthly to Probation, failed to perform any of the 100 hours of community service, failed to make any payments toward his fine or court costs, and failed to report to Client Services and Family Counseling. On October 14, 2020, the Court issued a Warrant of Arrest for the Defendant. He was committed to the Department of Corrections on January 25, 2021.

On January 26, 2021, a Fourth Violation Report was filed indicating that the Defendant failed to follow all laws and that on January 23, 2021, the Defendant was charged in CM0016-21 for Open Container of Alcohol in a Motor Vehicle (As a Misdemeanor) and No Driver's License (As a Violation). That same day, the Court ordered the Defendant released in CM0016-21 and held in CF0214-18.

The People filed a Motion to Revoke Probation on February 1, 2021 and the Defendant, through his counsel, filed the Opposition to the People's Motion to Revoke Probation on March 2, 2021. A hearing was held on March 9, 2021, after which this court took the matter under advisement.

## DISCUSSION

Probation is a favor granted by the state, not a right to which a criminal defendant is entitled. *People v. Camacho*, 2009 Guam 6 ¶ 26. If a court determines that revocation of probation will best satisfy the ends of justice and the best interests of the public, it may revoke probation of an offender who inexcusable fails to comply with a substantial requirement imposed as a condition of probation. *See* 9 G.C.A. § 80.66. The revocation process requires two steps. *Camacho* ¶ 26. First, the court must make a factual determination that a defendant violated a condition of probation; and second, if a violation is proven, the court must then determine whether revocation is warranted. *Id.* The defendant must be provided written notice of the grounds for revocation and must be afforded the right to hear and contest the evidence against him, to offer evidence, and to be represented by counsel. *See* 9 G.C.A. § 80.68(a). If the court revokes probation, it may impose any sentence that might have been imposed originally for the crimes of which the offender was convicted. *See* 9 G.C.A § 80.66(b).

Here, it is uncontested that the Defendant violated his probation by failing to complete any condition of probation, failing to obey all laws, and violating his probation at least three times. The several violations reported within the two years of supervised probation as well as the Defendant's failure to complete any condition of probation in that same timeframe demonstrates that he is not a good candidate for probation.

In the Opposition to the People's Motion to Revoke Probation, defense counsel asks the court to afford the Defendant more time to complete the terms of his probation, pointing out

that the Defendant had difficulty attending Client Services sessions due to his work schedule, had difficulty after he experienced a death in the family which caused his partner to leave the island while the Defendant cared for the children, and lost his job during the COVID-19 pandemic. The Defendant also asserts that for most of 2020, many treatment groups were placed on hold and that incarceration would be more costly to the government. While the court recognizes these arguments and the personal challenges faced by the Defendant, his failure to fulfill *any* condition of probation within the past two years – to include failure to check in regularly, pay fines, perform community service, and follow recommendations by Client Services – shows a clear lack of effort. Probation is a favor granted by the state, and instead of fulfilling his end of the bargain, the Defendant ignored his obligations and was arrested in a new case. The Court declines to address these new charges and will allow those charges to be addressed in the separate case. These facts demonstrate that the defendant is not a good candidate for probation and that revocation would best satisfy the ends of justice and the best interests of the public.

This is similar to *People v. Camacho*, where the defendant in that case entered a written deferred plea agreement but then violated substantial conditions of his probation by failing to complete a drug rehabilitation program, submit to drug tests, and report weekly. In that case, the Supreme Court of Guam held that it was proper to sentence the defendant to a three-year jail term for his violations, noting that the excuses made by the defendant to justify the violations were insufficient. Similarly, in the instant case, the Court concludes that it is proper to revoke the Defendant's probation and to remand the Defendant to serve his sentence according to the terms contemplated in the plea agreement and set forth in the judgement herein.

Additionally, the Defendant's probationary period was tolled. Under 9 G.C.A. § 80.66, upon a showing of probable cause that a defendant has violated a condition of his probation, the court shall issue a summons or warrant, and the period of probation will then be tolled pending the hearing upon the motion and the decision of the court. *See* 9 G.C.A. § 80.66(a)(3). The tolling begins on the date the summons or warrant was filed by the Clerk of Court and ends on the date the Clerk of Court files a judge's written decision or the judge issues a decision in open Court regarding whether the defendant violated a condition of probation, whichever happens first. See 9 G.C.A. § 80.66(a)(3)(A). The Defendant continues to be subject to all conditions of probation during this period. *See* 9 G.C.A. § 80.66(a)(3)(C). Here, the court issued multiple bench warrants. Therefore, because the bench warrants tolled the probation period, the Defendant's probationary period has not expired and the court has jurisdiction to revoke the Defendant's probation and sentence him according to the original plea agreement.

## CONCLUSION

For the above reasons, the Court **GRANTS** the People's Motion for Revocation. The Defendant is hereby sentenced to one year incarceration as contemplated in the plea agreement, with credit for time served.

**IT IS SO ORDERED** _____APR 2 3 2021_____.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, PDSC

Date: 4/23/21 Time: 11:24am.

Antonio D. Cruz
Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam